IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DELMIRO LICHTENBERGER | § | |
| | § | |
| v. | § | C.A. NO. C-09-360 |
| | § | |
| RICK THALER | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state prisoner currently incarcerated at the Neal Unit in Amarillo, Texas. (D.E. 1). On December 23, 2009, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction. Id. Pending is Respondent's motion for summary judgment. (D.E. 17). Petitioner filed objections to Respondent's answer on May 12, 2010, which are construed as a response to Respondent's motion. (D.E. 20). For the reasons stated herein, it is respectfully recommended that Respondent's motion be granted, and this habeas action be dismissed.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002). Because Petitioner was convicted in Jim

Wells County, Texas, jurisdiction is proper in this Court.  28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

On August 25, 1999, Petitioner was convicted of assaulting a public officer by a jury in the 79th Judicial District Court of Jim Wells County, Texas.  Ex parte Lichtenberger, App. No. WR-45,383-03, at 15, 22.  In part, because he was a prior offender, he was sentenced to thirty years of imprisonment and a $5,000.00 fine.  Id. at 22.  He filed a notice of appeal with the Fourth District Court of Appeals on August 27, 1999.  Id. at 25.  His appeal was denied on February 6, 2002.  Id. at 41.  He did not file a petition for discretionary review, (D.E. 17, at Ex. A), but he filed a state petition for habeas corpus with the Texas Court of Criminal Appeals on January 31, 2003.  Ex parte Lichtenberger, App. No. WR-45,383-02, at 41.

In Petitioner's state habeas petition, he claimed he was denied effective assistance of counsel when his attorney failed to object to the court's charge even though it omitted two elements of the offense, the admission of prior convictions and "pen packets" during the punishment phase that the state failed to link to applicant, Confrontation Clause violations, an unauthorized verdict, and the court's violation of a mandatory statute.  Id. at 46-47.  It was denied without written order on April 16, 2003.  Id. at cover sheet.

On June 26, 2009, Petitioner filed a second state habeas petition claiming he

received ineffective assistance of counsel when his attorney failed to object to multiple prosecutions and cumulative punishment. Ex parte Lichtenberger, App. No. WR-45,383-03, at 43, 48. That petition was dismissed as a subsequent application on August 19, 2009. Id. at cover sheet.

### III. DISCUSSION

Petitioner alleges that he received ineffective assistance of counsel when his attorney failed to object to multiple prosecutions for the same offense. (D.E. 1, at 7). Specifically, he claims his superceding indictment was improper because it charged him with a lesser offense than the original indictment, and that this resulted in multiple prosecutions. Id. Additionally, he claims the sentencing judge improperly applied his sentence cumulatively to an existing sentence when it should have been applied concurrently. Id. Respondent argues that Petitioner failed to exhaust his state remedies, and that his claims are barred by the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (D.E. 17, at 5-12).

**A.  The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted). Summary judgment is appropriate when there is no disputed issue of

material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings,

but must establish that there are material controverted facts in order to preclude summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.  Petitioner Failed To Exhaust His State Remedies.**

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless: (1) the inmate has exhausted his legal remedies in the state courts; (2) state corrective processes are absent; or (3) circumstances render such processes insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1). This exhaustion requirement is satisfied when the substance of each claim has been fairly presented to the highest court of the state.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982) (citations omitted). The Fifth Circuit has explained that "the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his current assertions."  Ruiz v. Quarterman, 460 F.3d 638, 643 (5th Cir. 2006) (citing

Picard v. Connor, 404 U.S. 270, 275-77 (1971)). The petitioner must also present his claim in accordance with the state court's procedural rules. Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (per curiam) (citation omitted). If the petitioner fails in this respect, and "the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default," federal courts are "procedurally barred" from reviewing the claim. Fisher, 169 F.3d at 300 (citing Coleman v. Thomas, 501 U.S. 722, 729 (1991)). "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan, 526 U.S. at 845 (citations omitted). In Texas, the highest court for habeas review is the Texas Court of Criminal Appeals. Tex. Code Crim. Proc. art. 4.04; Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985).

Petitioner raised the claims in this federal petition in his second state habeas petition, which was dismissed as successive, but not in his first state petition, which was denied without written order. Texas Code of Criminal Procedure article 11.07 § 4 bars a state prisoner from filing a second state habeas petition with new claims unless the factual or legal basis for the claims could not have been

discovered before the first petition was filed, or no rational juror could have found the petitioner guilty. The Texas Court of Criminal Appeals denied Petitioner's second state petition as a subsequent application pursuant to article 11.07 § 4, finding that Petitioner failed to abide by Texas procedural requirements. Therefore, Petitioner's procedural error at the state level bars this Court from reviewing his claims.

Accordingly, it is respectfully recommended that Petitioner failed to exhaust his state remedies.

## C. Petitioner's Federal Petition Is Time-Barred.

Respondent claims that the federal petition is time-barred. (D.E. 17, at 8-12). AEDPA provides a one-year limitations period for filing a federal habeas petition in district court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). That period runs from the latest of four alternative dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Nevertheless, certain actions will toll the limitation period. For example, a prisoner may not be granted federal habeas unless he has first sought state habeas review and been denied relief. 28 U.S.C. § 2254(b)(1). While a prisoner seeks that state review, the AEDPA one-year period will be tolled:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

    The beginning of Petitioner's AEDPA statute of limitations must be determined by applying § 2244(d)(1). His claims do not concern a constitutional right newly recognized by the Supreme Court. Therefore, subsection C does not apply. Because his claims concern his trial and sentencing, the factual predicate for his claims was discovered by the conclusion of his sentencing, but because that would have occurred before his judgment became final, subsection D does not

apply.

Petitioner's contention that his trial attorney and the trial judge did not apprise him of the AEDPA statute could be construed as an alleged state-created impediment. However, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) (citation omitted). Indeed, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice." Id. Therefore, subsection B does not apply.

Consequently, subsection A determines when Petitioner's statute of limitation began to run. He was convicted on August 25, 1999, but he timely filed a notice of appeal on August 27, 1999. See Tex. R. App. P. 26.2(a)(1) (a defendant's "notice of appeal must be filed within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order"). When the Fourth District Court of Appeals denied Petitioner's appeal on February 6, 2002, he then had thirty days to file a petition for discretionary review with the Court of Criminal Appeals. Tex. R. App. P. 68.2(a). Because Petitioner did not file a petition for discretionary review, his judgment concluded and the AEDPA statute of limitations began to run on March 8, 2002.

Petitioner filed his first state habeas petition on January 31, 2003, thus, tolling the AEDPA statute for seventy-five days until it was denied on April 16, 2003. Respondent claims that Petitioner's second state habeas petition did not toll the limitations period because it was not properly filed. (D.E. 17, at 10). However, he filed his second state petition years later on June 26, 2009, which was well after the one-year statute of limitations, and the additional seventy-five days from tolling, expired. It is, therefore, inconsequential whether he properly filed his second petition. It did not toll the AEDPA limitations period.

Additionally, Petitioner asserts that his trial attorney and the trial judge did not apprise him of the AEDPA so that his claims should be equitably tolled. The decision to invoke equitable tolling is within the discretion of the district court. See Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit "has held that equitable tolling of the AEDPA limitations period is available "'in rare and exceptional circumstances' where it is necessary to 'preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" Johnson v. Quarterman, 483 F.3d 278, 286 (5th Cir. 2007) (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)). "To be entitled to equitable tolling, [petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely

filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Excusable neglect or ignorance of the law do not justify equitable tolling. Fierro, 294 F.3d at 682. Equitable tolling of the limitations period applies principally where the petitioner is actively misled by the respondent about the petition, or is prevented in some extraordinary way from asserting his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (per curiam) (citation omitted). A prisoner proceeding pro se is not a "rare and exceptional" circumstance. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (citations omitted).[1] In Fisher v. Johnson, the Fifth Circuit explained that "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information" and it still refrained from including a lack of notice as a basis for tolling. 174 F.3d at 714. Neither Petitioner's "ignorance of the law," nor any alleged lack of notice, require equitable tolling here. Id.

Accordingly, it is respectfully recommended that the federal petition was filed after the AEDPA limitations period expired.

---

[1] Respondent suggests that equitable tolling may not apply to federal habeas petitions based on his reading of Bowles v. Russell, 551 U.S. 205 (2007). (D.E. 17, at 11). However, Bowles struck down a local court rule as being unconstitutional because it conflicted with a jurisdictional requirement. See Bowles, 551 U.S. at 208, 214. The Supreme Court never considered the doctrine of equitable tolling. Moreover, Respondent concedes that the Supreme Court has not struck down, and the Fifth Circuit still upholds, equitable tolling in habeas petitions. (D.E. 17, at 11). Indeed, he does not cite any case that supports his interpretation of Bowles.

**D.     Petitioner Did Not Receive Ineffective Assistance of Counsel.**

To prevail on a claim of ineffective assistance of counsel, a state prisoner seeking federal habeas corpus relief bears the burden of showing that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). This test applies to claims concerning either trial or appellate counsel. Ries v. Quarterman, 522 F.3d 517, 531 (5th Cir. 2008) (citations omitted). In order to show counsel's performance was deficient, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. The petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards. See Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998) (citations omitted).

Counsel's challenged conduct should be evaluated from the perspective of counsel at the time the conduct occurred. Strickland, 466 U.S. at 690. Due to the difficulties inherent in engaging in this analysis without being tainted by "the distorting effects of hindsight," a court's review should be highly deferential to counsel. Id. at 689. The reviewing court must give great deference to counsel's performance, strongly presuming that counsel has exercised reasonable

professional judgment. Id. at 690; accord Romero v. Lynaugh, 884 F.2d 871, 876 (5th Cir. 1989).

The second prong of the Strickland two-part test is the actual prejudice prong. Petitioner may not simply allege, but must affirmatively prove, prejudice. Id. at 693. Thus, he must affirmatively show how the actions of his counsel deprived him of a fair trial. See Czere v. Butler, 833 F.2d 59, 63-64 (5th Cir. 1987). Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 372 (1993) (habeas petitioner must show that the trial result was unreliable, or the proceeding was fundamentally unfair due to counsel's deficient performance) (citations omitted).

Petitioner must establish "actual prejudice as a result of his counsel's ineffectiveness." Moody v. Johnson, 139 F.3d 477, 482 (5th Cir. 1998) (citations omitted). As the Fifth Circuit has firmly established, conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue. Miller v. Johnson, 200 F.3d 274, 281-86 (5th Cir. 2000). The Miller court further held that "'[i]n the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced [petitioner], ... we [can

13

find] no merit to these claims.'" Id. at 282 (quoting Barnard v. Collins, 958 F.2d 634, 642 (5th Cir. 1992)).

Petitioner has the burden of proof in a habeas proceeding attacking the effectiveness of counsel. See Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997). He must demonstrate that his counsel's representation was unreasonable, and that he suffered actual prejudice. Id. (citation omitted). The Fifth Circuit has held that "[t]he failure to prove either deficient performance or actual prejudice forecloses an ineffective assistance claim." Green v. Johnson, 160 F.3d 1029, 1035 (5th Cir. 1998). A court may dispose of an ineffective assistance of counsel claim by showing the petitioner failed to meet either prong; it is not necessary for the court to address both prongs. Amos v. Scott, 61 F.3d 333, 348 (5th Cir. 1995) (citations omitted).

### 1. Petitioner's claim regarding his superceding indictment fails.

Petitioner first claims that his attorney erred by not objecting to the superceding indictment on grounds that an element of the greater offense had been eliminated from the original indictment. (D.E. 1, at 7). As a result, he claims the superceding indictment contained a reduced charge and he was subjected to multiple prosecutions. Id. Pursuant to the Double Jeopardy rule, "[a]n acquittal on a greater or lesser included offense ... bars prosecution on the other offense."

14

Dowling v. United States, 493 U.S. 342, 355 (1990) (citing Brown v. Ohio, 432 U.S. 161, 168 (1977)).

Here, however, Petitioner has not suffered multiple prosecutions for the same offense. Indeed, he was tried – and convicted – for the underlying crime only once. He confuses his multiple indictments, both of which were issued by the grand jury before his trial, for a violation of the Double Jeopardy rule. Upon review of the original and superceding indictments, they both contain the same charge – assault on a public servant – and, contrary to Petitioner's claim, there is no element included in the original indictment that is absent from the superceding indictment. Ex parte Lichtenberger, App. No. WR-45,383-03, at 7-8. While the two indictments differ as to the alleged facts of the crime, the only difference between them regarding the charge is that the superceding indictment contains "recklessness" as an additional element. Id. at 5-8. Perhaps Petitioner interpreted this modification as a prohibited second prosecution for a lesser included offense. In any event, the second indictment was returned by the grand jury before trial, and there was no acquittal that would bar his re-indictment with a lesser charge. Petitioner has failed to allege any reasonable basis for an objection to the superceding indictment. Therefore, Petitioner has not shown either that his counsel's performance was deficient or that he has suffered actual prejudice by the

failure to challenge it.

Accordingly, it is respectfully recommended that Petitioner did not receive ineffective assistance of counsel regarding the superceding indictment.

### 2. Petitioner's claim that the sentencing judge improperly applied his sentence cumulatively to an existing sentence fails.

Petitioner also claims that his attorney was ineffective when he failed to object when the judge applied his sentence consecutively to an existing sentence he was already serving. (D.E. 1, at 7). According to Petitioner, the jury intended for the sentence to be served concurrently with his existing sentence and the judge applied it incorrectly. Id. However, he provides no further support for this claim, factual or legal, and a survey of the record contains no supporting evidence. Indeed, the only references in the record as to how the sentence should be served are the trial judge's orders that it shall commence at the end of his sentence in "The State of Texas v. Delmiro Lichtenberger," Cause No. 141-96. Ex parte Lichtenberger, App. No. WR-45,383-03, at 74, 76. Because there is no factual support in the record, and Petitioner has not alleged any supporting facts, his claim is conclusory and does not raise an ineffective assistance of counsel claim. See Miller, 200 F.3d at 281-86.

Accordingly, it is respectfully recommended that Petitioner did not receive ineffective assistance of counsel regarding his sentence.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

17

constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 17), be granted, and the petition, (D.E. 1), be dismissed. Furthermore, it is respectfully recommended that a certificate of

appealability be denied.

      Respectfully submitted this 19th day of July 2010.

                                    _____
                                    BRIAN L. OWSLEY
                                    UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).