IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DELMIRO LICHTENBERGER, § | |
| TDCJ NO. 783542, § | |
| § | |
| VS. § | C.A. NO. 2:09-cv-360 |
| § | |
| RICK THALER. § | |

### ORDER DENYING PETITIONER'S RULE 60(b) MOTION

Pending is petitioner Delmiro Lichtenberger's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1] (D.E. 27). For the reasons stated herein, petitioner's motion is denied.

### I. BACKGROUND

Petitioner is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division, and is currently serving a thirty year sentence for assaulting a public officer.

On December 29, 2009, petitioner filed a § 2254 petition for habeas corpus relief challenging his conviction on numerous grounds, including ineffective assistance of trial counsel. (D.E. 1). Respondent moved for summary judgment to deny the petition, (D.E. 17), and by memorandum and recommendation entered July 19, 2009, the magistrate judge recommended that petitioner's § 2254 petition be denied and dismissed for failure to exhaust administrative remedies and as time-barred. (D.E. 21). Petitioner filed objections to the recommendation. (D.E. 22). On August 3, 2010, the Court adopted the recommendation, granted respondent's motion for summary judgment, and

---

[1] Petitioner's motion was docketed as a "motion for § 2254 hearing," (see D.E. 27). However, petitioner is requesting that the Court reconsider its order and final judgment denying his § 2254 petition, and also, that it conduct a hearing on the merits of his claims. Petitioner's motion is considered under Rule 60(b) because it was filed more than ten days after entry of judgment. See Texas A & M Research Foundation v. Magna Transp., 338 F.3d 394, 400 (5th Cir. 2003).

entered final judgment dismissing petitioner's § 2254 application for failure to exhaust and as time barred. (D.E. 23, 24). The Court further denied petitioner a certificate of appealablity. ("COA").

## II. DISCUSSION

**A.    Rule 60(b).**

Fed. R. Civ. P. Rule 60(b) sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect;(2) newly discovered evidence; (3) fraud, misrepresentation or misconduct of an adverse party; (4) the judgment is void and (5) satisfaction, discharge or release of the judgment. Fed. R. Civ. P. 60(b)(1)-(5). In addition, Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated grounds; relief will be granted only if "extraordinary circumstances" are present. Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). Rule 60(b) is not to be used as a substitute or alternative to appeal. Hill v. McDermott, Inc., 827 F.2d 1040, 1042 (5th Cir. 1987).

**B.    Analysis.**

In his motion for reconsideration, petitioner does not contend that a new trial is warranted under any of the Rule 60(b) provisions (1) through (5). He does not argue that the findings of time-barred and failure to exhaust are incorrect, or that there is newly discovered evidence available. He does not allege fraud, or that the judgment is void, or satisfaction of the judgment. Thus, he brings his challenge pursuant to the equitable power found in Rule 60(b)(6), and it is available only if extraordinary circumstances exist. Batts, 66 F.3d at 747.

Petitioner moves for reconsideration arguing that an evidentiary hearing should be held "to determine the merits" of his petition. (D.E. 27 at 1). He argues that he has suffered a deprivation of his due process rights because the merits of his petition were not discussed, but instead, disposed of on procedural grounds. Id.

A § 2254 petitioner is not constitutionally entitled to review on the merits of his claims by a federal court. Indeed, one of the purposes of the Anti-Terrorism and Death Penalty Act of 1996 (the "AEDPA") was to create a one-year statute of limitations for review of state habeas petitions. See 28 U.S.C. § 2244(d)(1). In addition, before filing a § 2254 petition in federal court, the petitioner must exhaust his available state court remedies. See 28 U.S.C. § 2254(b)(1)(A). The Supreme Court has repeatedly upheld the constitutionality of these procedural barriers to the consideration of the merits of a petition. See Day v. McDonough, 547 U.S. 198, 205 (2006); Carey v. Saffold, 536 U.S. 214, 220 (2002); Williams v. Taylor, 529 U.S. 420, 430-37 (2000).

In petitioner's case, limitations began to run from the date his conviction became final, on March 8, 2002. The deadline for filing his § 2254 petition was tolled for seventy-five days while he pursued his first state habeas application. He did not file the second state application until June 26, 2009, well past the AEDPA deadline, and therefore, his second application did not toll limitations. His federal petition was not filed until December 2009, years after the one-year deadline had run. There are no grounds for equitable tolling.

Moreover, petitioner offers no grounds to challenge the finding that he failed to exhaust his state court remedies. Petitioner did not present the claims he seeks to raise in this petition to the state court. The Texas Court of Criminal Appeals dismissed his second petition as successive, and his failure to abide by the Texas procedural requirements bars this Court from reviewing his claims.

Thus, these claims were properly dismissed for failure to exhaust.

### III. CONCLUSION

The uncontested and unchallenged facts establish that petitioner's federal habeas corpus petition was time-barred and the claims raised therein unexhausted, such that dismissal on those procedural grounds was warranted. Petitioner fails to demonstrate that he is entitled to relief from judgment.

Moreover, petitioner is not entitled to a COA. Petitioner is advised that he may request the issuance of a COA from a circuit court of appeals judge. If the district judge has denied the COA, the applicant may then request issuance of the certificate by a circuit judge. Fed. R. App. P. 22(b). If petitioner does not expressly make such a request for a COA, the notice of appeal shall be deemed to constitute a request addressed to the judges of the Fifth Circuit. Id.

Accordingly, petitioner's Rule 60(b) motion (D.E. 27) is denied.

ORDERED this 11 th day of January, 2011.

_____
Janis Graham Jack
United States District Judge